

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSE
KNOXVILLE DIVISION

FILED

OCT 15 2010

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

ROBERT BEAN, JACQULEEN AXLEY,
CARL S. BIVENS, MALCHIAH D.
BIVENS, JAMES T. BRYANT, RAYMOND
DAVID CLINE, JIMMY R. CLINE,
ROBERT W. COUCH, GARY FREEMAN,
CHARLES GIBSON, JOEL HOLLINGSHEAD,
JOE McNABB, MICHAEL D. MILLSAPS,
RALPH MOSER, FLOYD SHAFFER,
SAMUEL O. SMITH, JR., WILLIAM M.
STEWART, III, and DONNY WATTENBARGER,

*Plaintiffs*,

v.

STEVE TEAGUE, individually and in his
official capacity as MONROE COUNTY
ROAD SUPERINTENDANT, and MONROE
COUNTY, TENNESSEE,

*Defendants*.

CIVIL ACTION

CASE NO. 3:10-CV-440

JURY TRIAL DEMANDED

Phillips / Guyton

## COMPLAINT

Plaintiffs, for their Complaint against Steve Teague, both individually and in his official capacity as the road superintendant for Monroe County, Tennessee, and against Monroe County, Tennessee ("Monroe County") state and allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' constitutional claims under the First and Fourteenth Amendments to the United Stated Constitution pursuant to 28 U.S.C. § 1331. Such claims are actionable pursuant to 42 U.S.C. § 1983.

2. Venue is proper in this federal judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to these claims occurred in Monroe County, Tennessee within this judicial district and because Defendants reside in Tennessee within this judicial district, regularly conduct business within this judicial district, and, thus, are subject to personal jurisdiction within this judicial district.

## PARTIES

### A. Plaintiffs

3. All of the Plaintiffs are residents of Tennessee and of the United States.

4. Plaintiff Robert Bean was employed by Monroe County as an equipment operator and had been so employed for approximately seven (7) years.

5. Plaintiff Jacque Axely was employed by Monroe County as a sign maker and had been so employed for approximately five and one-half (5½) years.

6. Plaintiff Carl S. Bivens was employed by Monroe County as a general laborer and grader operator and had been so employed for approximately six (6) years.

7. Plaintiff Malchiah D. Bivens was employed by Monroe County as a bushhog operator and had been so employed for approximately six (6) years.

8. Plaintiff James T. Bryant was employed by Monroe County as a mower operator and had been so employed for approximately three (3) months.

9. Plaintiff Raymond David Cline was employed by Monroe County to assess road problems and prioritize them and to assign jobs and see that they were completed and had been so employed for approximately seven and one-half (7½) years.

10. Plaintiff Jimmy R. Cline was employed by Monroe County as a general laborer and had been so employed for approximately two (2) years.

11. Plaintiff Robert W. Couch was employed by Monroe County as a laborer and had been so employed for approximately seven (7) years.

12. Plaintiff Gary Freeman was employed by Monroe County as a truck driver and had been so employed for approximately two (2) years.

13. Plaintiff Charles Gibson was employed by Monroe County as a shop foreman, performing general labor services, and had been so employed for approximately four (4) years and seven (7) months.

14. Plaintiff Joel Hollingshead was employed by Monroe County as a truck driver and had been so employed for five and one-half (5½) years.

15. Plaintiff Joe McNabb was employed by Monroe County to do mowing services and had been so employed for approximately one (1) year.

16. Plaintiff Michael D. Millsaps was employed by Monroe County as a longarm operator and mower and had been so employed for approximately four (4) years.

17. Plaintiff Ralph Moser was employed by Monroe County as a bushhog operator and manual laborer and had been so employed for approximately five (5) months.

18. Plaintiff Floyd Shaffer was employed by Monroe County as a truck driver and had been so employed for approximately six (6) years.

19. Plaintiff Samuel O. Smith, Jr. was employed by Monroe County as a backhoe operator and had been so employed for approximately eight (8) years.

20. Plaintiff William M. Stewart, III was employed by Monroe County as an equipment mechanic and had been so employed for approximately two (2) years.

21. Plaintiff Donny Wattenbarger was employed by Monroe County as a truck driver and had been so employed for approximately five (5) years.

22. The above-described eighteen (18) plaintiffs shall be referred to hereinafter as "Plaintiffs."

**B. Defendants**

23. Defendant, Steve Teague, was elected road superintendant of Monroe County, Tennessee in August of 2010. He is sued individually and in his official capacity as the road superintendant of Monroe County, Tennessee.

24. Defendant Monroe County, Tennessee is a political subdivision of the State of Tennessee.

## FACTUAL BACKGROUND

25. Each of the Plaintiffs was employed by the Road Department of Monroe County (the "Road Department") as described above until their wrongful termination of employment on September 1, 2010.

26. Plaintiffs allege they were all terminated in violation of their rights under the First and Fourteenth Amendments to the United States Constitution. These violations are actionable under 42 U.S.C. § 1983.

27. Prior to September 1, 2010, Plaintiffs were all employed by the Road Department primarily as manual laborers. The positions formerly held by Plaintiffs in the Road Department are not policy-making positions, and one's political beliefs or associations are not an appropriate requirement for the effective performance of each position.

28. Each Plaintiff was qualified for his or her former Road Department job. Throughout their employment, Plaintiffs fully and competently performed their duties and responsibilities.

29. Prior to the August 2010 Monroe County Road Superintendant election, many of

the Plaintiffs were politically active and campaigned and supported Phillip Axley, who had been the Monroe County road superintendant for eight years and who was defeated by Defendant Teague in the August 2010 Monroe County Road Superintendant election. Many of these Plaintiffs spoke about the election with their friends and/or put up campaign signs.

30. On or about September 1, 2010, Defendants, acting under color of law, terminated Plaintiffs' Road Department employment.

31. The termination of Plaintiffs' Road Department employment was motivated by political patronage. In particular, Defendants acted with the purpose and intent both of discriminating against Plaintiffs for their support of Teague's political adversary and creating vacancies in the Road Department to be filled by Defendant Teague's political supporters.

32. Defendant Teague was the sole decision maker concerning Plaintiffs' former Road Department employment and caused their discharge.

33. Plaintiffs have been advised since their discharge that all of their positions were subsequently filled and that the Defendants gave a two percent (2%) raise to county employees. Thus, any claimed budgetary basis for Plaintiffs' discharge is a pretext and is false.

34. Similarly, any statements by Defendant Teague to the effect that some of the Plaintiffs were discharged because "they didn't have any work to do" are false pretexts intended to evade the actual illegal reasons behind their discharges.

35. Defendant Teague knew at the time he discharged Plaintiffs that both state and federal law prohibited utilizing political considerations as a factor in determining employment.

36. Defendant Teague intentionally and wrongfully caused the discharge of all of the Plaintiffs in retaliation for their exercise of their First Amendment rights of speech and association, protected by the Fourteenth Amendment, and/or to reward Defendant Teague's

political supporters by creating employment vacancies to be filled by such supporters. Defendants' actions also constituted an unlawful custom and practice.

37. As a result of the wrongful actions of Defendants, all of the Plaintiffs have suffered damages, including, *inter alia*, lost wages and benefits, humiliation, pain, and suffering.

## LEGAL CLAIMS

### COUNT I

#### Asserted Against Teague for Violating Plaintiffs' First Amendment Rights Under 42 U.S.C. § 1983

38. Plaintiffs repeat and reassert the allegations set forth in all preceding paragraphs as though stated herein.

39. The First Amendment prohibits government officials from terminating or refusing to rehire government employees based on the employee's political associations or based on the official's desire to make room for his own political supporters.

40. Defendant Teague's termination of Plaintiffs was motivated by his desire both to discriminate against Plaintiffs for their support of his political adversaries and to create vacancies in the Road Department to be filled by his political associates and/or political supporters.

41. As a result of this illegal conduct, Plaintiffs have suffered damages, including, *inter alia*, lost wages and benefits, humiliation, pain, and suffering.

WHEREFORE, the conduct of Defendant Teague, which was undertaken under color of law, violated the First Amendment pursuant to 42 U.S.C. § 1983.

### COUNT II

#### Asserted Against Monroe County for Violating Plaintiffs' First Amendment Rights Under 42 U.S.C. § 1983

42. Plaintiffs repeat and reassert the allegations set forth in all preceding paragraphs

as though stated herein.

43. As discussed in Count I *supra*, Defendant Teague violated Plaintiffs' federal rights under the First Amendment to the United States Constitution.

44. Under 42 U.S.C. § 1983, Monroe County is vicariously liable for the unconstitutional conduct of Teague. In particular, because Teague, as Road Superintendant, held final policy-making authority over the relevant personnel decisions, his conduct constitutes governmental policy for purposes of the County's liability under 42 U.S.C. § 1983.

45. As a result of this illegal conduct, Plaintiffs have suffered damages, including, *inter alia*, lost wages and benefits, humiliation, pain, and suffering.

WHEREFORE, Monroe County is vicariously liable for the unconstitutional treatment of Plaintiffs, which was undertaken under color of law, under 42 U.S.C. § 1983.

### COUNT III

### Asserted Against Defendants for Violating
### Plaintiffs' Fourteenth Amendment Rights Under 42 U.S.C. § 1983

46. Plaintiffs repeat and reassert the allegations set forth in all preceding paragraphs as though stated herein.

47. Defendants' wrongful discharge of Plaintiffs violated Plaintiffs' equal protection rights under the Fourteenth Amendment of the United States Constitution. Defendants' actions also violated Plaintiffs' due process rights because Plaintiffs each had a reasonable expectation of future employment, which property right was unconstitutionally thwarted by Defendants when Defendants summarily discharged Plaintiffs without proper notice or hearing.

48. As a result of this illegal conduct, Plaintiffs have suffered damages, including, *inter alia*, lost wages and benefits, humiliation, pain, and suffering.

WHEREFORE, Defendants are liable for the unconstitutional treatment of Plaintiffs, which was undertaken under color of law, under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter a declaratory judgment that Defendants' conduct was illegal under federal law;

2. Enter an injunction reinstating Plaintiffs to their Road Department employment positions and prohibiting Defendants from engaging in future discriminatory or retaliatory conduct against Plaintiffs;

3. Award compensatory damages including, *inter alia*, monetary compensation for Plaintiff's lost wages, lost benefits, humiliation, and emotional pain and suffering;

4. Award compensatory damages for any medical bills that may arise as a result of Defendants causing Plaintiffs to lose their health insurance;

5. Award punitive damages against Defendant Teague;

6. Award Plaintiffs all litigation costs, expenses, and attorney's fees recoverable under federal and state law, including, *inter alia*, 42 U.S.C. § 1988; and

7. Award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury as to all issues so triable.

Dated: October 14, 2010

Respectfully Submitted,

*[signature]*

George E. Barrett
David W. Garrison
Scott P. Tift
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, Tennessee 37201
Phone: (615) 244-2202
Fax: (615) 252-3798
gbarrett@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com

Ned Pillersdorf
PILLERSDORF, DEROSSETT & LANE
124 West Court Street
Prestonsburg, Kentucky 41653
Phone: (606) 886-6090
Fax: (606) 886-6148

*Attorneys for Plaintiffs*